J-S26039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEJVAN SCOTT | : | |
| | : | |
| Appellant | : | No. 4 MDA 2024 |

Appeal from the Judgment of Sentence Entered September 7, 2023
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000090-2018


BEFORE: PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: OCTOBER 22, 2024**

Dejvan Scott appeals from the judgment of sentence imposed after the trial court found him guilty of attempted aggravated assault of a prison guard and attempted assault by prisoner and other offenses.[1]  He challenges the sufficiency of the evidence regarding the assault convictions.  Upon review, we affirm.

The trial court detailed the evidence presented at trial, which we need not repeat here.  Briefly, this matter arises from an incident that occurred on May 30, 2017, while Scott was incarcerated at SCI-Huntingdon.  Scott was in the restricted housing unit due to suicidal ideation.  His cell was covered by the institution's camera system.  On the day of the incident, staff observed Scott on camera break the plastic cover over the light fixture in his cell and

_____

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a)(3), and 2703(a)(1)(ii).

start to make it into a knife about nine inches long. Staff, including psychologists and negotiators, attempted to convince Scott to give up the weapon and be taken into custody, but he refused. Instead, he continued to sharpen the knife on the concrete floor. Staff determined that it was necessary to use force to extract Scott from the cell.

As members of the extraction team entered the cell, Scott took an offensive posture, with the knife in his hand, and pointed at the officers. The first team member, Officer Joseph Stanowski used an electronic immobilization device ("EID") shield to push and pin Scott against the wall. Scott resisted and attempted to stab Officer Stanowksi and the team members with the knife. Officer Stanowski shocked Scott twice with the shield. Once Scott's resistance subsided, the team members secured him, removed him from the cell, and transferred him. Scott was charged with several offenses.

Following a bench trial on July 13, 2023,[2] the trial court found Scott guilty of attempted aggravated assault of a prison guard, attempted assault by prisoner, and two other offenses, possessing an instrument of crime and criminal mischief—damaged property,[3] to which he admitted guilt. On September 7, 2023, the trial court imposed an aggregate sentence of 6 to 17 years' incarceration. Scott filed a post-sentence motion, which the court denied.

---

[2] Trial in this matter was delayed due to numerous continuances.

[3] The other two offenses, 18 Pa.C.S.A. §§ 907(a) and 3304(a)(5), are not challenged on appeal.

Scott filed this timely appeal. He and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Scott raises the following two issues:

> I. Whether the evidence was insufficient to support each element of 18 Pa.C.S.A. § 901(a)(Criminal Attempt — Aggravated Assault — Attempt To Cause Or Causing Serious Bodily Injury - Certain Designated Persons)(F1)?; and
>
> II. Whether the evidence was insufficient to support each element of 18 Pa.C.S.A. § 901(a) (Criminal Attempt — Assault By Prisoner)(F2)?

Scott's Brief at 18.

Scott challenges the sufficiency of the evidence to sustain his assault convictions. In support of both issues, Scott argues that the evidence was insufficient to show that he had the requisite intent/*mens rea* to assault the corrections staff. According to Scott, the evidence showed intent to harm himself. Scott maintains that when two equally reasonable, but inconsistent inferences can be drawn from the same set of circumstances, neither is proven; the fact finder may not speculate as to which inference it will adopt. *Id.* at 22.

Scott further argues that the evidence was insufficient to establish that he had the requisite *actus reus*. According to Scott, the evidence showed that he retreated into the corner of the cell and was shocked with the shield disabling his muscle control and making his actions involuntary. *Id.* at 23.

Scott emphasizes that this was the only point in the video when Scott's actions could not be seen. *Id.* at 24.

We disagree.

When reviewing a sufficiency of the evidence claim, this Court:

> must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted). However, "the inferences must flow from facts and circumstances proven in the record and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt." *Commonwealth v. Scott*, 597 A.2d 1220, 1221 (Pa. Super. 1991). "The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review." *Id.* "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013).

The offense of aggravated assault at issue here provides that a person is guilty if that person:

\*\*\*

- 4 -

(3) attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty;

\*\*\*

(c) Officers, employees, etc. enumerated.-- The officers, agents, employees and other persons referred to in subsection (a) shall be as follows:

\*\*\*

(9) Officer or employee of a correctional institution, county jail or prison, juvenile detention center or any other facility to which the person has been ordered by the court pursuant to a petition alleging delinquency under 42 Pa.C.S. Ch. 63 (relating to juvenile matters).

18 Pa.C.S.A. § 2702(a)(3).

The offense of assault by prisoner provides:

(1) Except as provided under section 2704 (relating to assault by life prisoner), a person who is confined in or committed to any local or county detention facility, jail or prison or any State penal or correctional institution or other State penal or correctional facility located in this Commonwealth is guilty of a felony of the second degree if he, while so confined or committed or while undergoing transportation to or from such an institution or facility in or to which he was confined or committed intentionally or knowingly, commits an assault upon any of the following:

\*\*\*

(ii) A detention facility or correctional facility employee with a deadly weapon or instrument, or by any means or force likely to produce bodily injury.

18 Pa.C.S.A. § 2703(a)(1)(ii).

Criminal attempt is separately codified at 18 Pa.C.S.A section 901, which

provides, "A person commits an attempt when, with **intent** to commit a

specific crime, he does ***any act which constitutes a substantial step*** toward the commission of that crime." 18 Pa.C.S.A. § 901(a) (emphasis added).

Here, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that there was sufficient evidence to prove beyond a reasonable doubt that Scott attempted to assault Officer Stanowski and other members of the extraction team under both statutes. In its Rule 1925(a) opinion, the trial court aptly discussed the evidence the Commonwealth presented to support this conclusion:

> That [Scott] intended to assault the members of the cell extraction team (or any DOC employee that entered the cell, for that matter) is readily apparent from both the video evidence and CO Stanowski's testimony. [Scott] spent over forty minutes ignoring commands to relinquish his weapon from DOC staff, sharpening his weapon, and contemplating his course of action when DOC staff entered his cell. Just before entry was made he took a fighting stance in the middle of the cell, ready to take on the extraction team. He then resisted the efforts of the extraction team to take him into custody for at least a good ten seconds, fighting off five well-trained, strong men while simultaneously being subjected to shocks from the EID shield, all the while attempting to bring his weapon to bear, until he was finally overcome. The degree of effort expended by the cell extraction team is evident in the video, and was [] only through their training and quick action that they were able to pin [Scott] against the bunk, take control of his limbs, and prevent him from using his weapon that they were able to accomplish their task without being injured.

Trial Court Opinion, 2/26/24, at 5-6. The trial court further noted that Scott's own testimony contradicted his claim that he never attempted to harm the officers entering his cell. *Id.* at 6. Scott admitted that he sharpened the piece

- 6 -

of plastic to make a weapon because he felt he needed to protect himself. Furthermore, there was nothing to indicate that Scott intended to harm himself with the knife except that he was in the RHU for suicidal thoughts. Thus, the evidence was sufficient to establish that Scott's intent was to attack the members of the extraction team, and he acted on that by bringing his hand with the knife down toward Officer Stanowski and the other members.

Scott further claims, however, that the alleged stabbing motion was not voluntary because he was immobilized by the shield and therefore did not possess the requisite *actus reus*. A defendant cannot be guilty of crime "unless his liability is based on conduct which a voluntary act . . . of which he is physically capable." 18 Pa.C.S.A. § 301(a). Although Scott is correct that the act must be voluntary, Officer Stanowski testified that it took two or three attempts to immobilize Scott, and Officer Stanowski observed Scott moving his hand down towards him as to stab him in the neck before Scott became immobilized. N.T., 7/13/23, at 21. Therefore, there was evidence from which the trial court could conclude that Scott's acts were voluntary, and Scott took a substantial step toward committing the assault. His claim is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>10/22/2024</u>